UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:16-CR-95-DCR-REW-2 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| PRESTON EUGENE WEBBER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). *See* DE #62 (Minute Entry Order). Procedurally, the hearing followed Defendant's motion for a competency evaluation (DE #47), which the Court granted following briefing and a hearing. *See* DE #51 (Order). Given Defendant's detention status, the Court ordered a custodial evaluation. DE ##51, 53 (Orders).

The evaluation occurred at the Federal Medical Center, Devens (FMCD) in Massachusetts. DE #61 (sealed forensic report). All parties had access to the resulting forensic report (Report) issued by licensed psychologist Chad Tillbrook, Ph.D. *Id.*, DE #61-1 (CV of Dr. Tillbrook). In his thorough June 29, 2017, Report, Dr. Tillbrook opines that Webber is competent for further proceedings. *See* DE #61, at 13–14.

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially dispositive).

The Court set a competency hearing following Webber's arrival in the District. *See* DE #60 (Order). During the August 4, 2017, hearing the parties stipulated to admissibility of the Report and the CV, to the Report's findings, and to the examiner's qualifications. *See* DE #62. The parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine Dr. Tillbrook. *Id.*

Section 4241 substantially codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See id.* at 789; *see also* 18 U.S.C. § 4241(a) (phrasing incompetency test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure).

Ultimately, per § 4241(d), and based on the required hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis), *and United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States), *with United States v. Simmons*, 993

F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question, which is not determinative. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the proof as to current competency largely consists of the expert analysis of Dr. Tillbrook. In the Report, which the Court views as comprehensive, Dr. Tillbrook thoroughly analyzed Defendant's history, behavior, course of evaluation, and assessment performance. DE #61. Dr. Tillbrook personally observed Webber via multi-occasion direct interview. *Id.* at 7–8. Defendant also completed standardized psychological assessments. *Id.* at 8–9. Dr. Tillbrook received and reviewed materials regarding the alleged crimes, including the Court's orders regarding the examination. *Id.* at 2. The evaluator also spoke with defense counsel and the prosecutor, as well as other individuals. *Id.* The Report meticulously describes Webber's developmental, educational, employment, relationship, medical, criminal, mental health, and substance abuse histories. *Id.* at 2–6.

The evaluator described Mr. Webber's behavior while housed at FMCD. Institution staff indicated Defendant's "eye contact was appropriate, his thought process was organized, and his affect was 'bright.'" DE #61, at 7. Mr. Webber effectively managed his daily living activities and "consistently took [his] medication as prescribed." *Id.* at 6–7. As part of the psychological assessment, Dr. Tillbrook reported that Defendant "did not make any statements or exhibit any behaviors indicative of him having thoughts, plans, or intentions to harm himself or other

people." *Id.* at 7–8. Webber "expressed some realistic and expected nervousness" regarding the instant charges, "but found reassurance that he had an attorney that would work diligently to represent his interests." *Id.* at 8. Defendant "evidenced no psychotic symptoms," his "thoughts were well organized and logical, and his responses to questions were coherent, relevant, and goal-directed." *Id.* Dr. Tillbrook ultimately offered two clinical diagnoses and one provisional diagnosis, *id.* at 10, but summarized Webber's effective "understanding of the charges [ ] and potential consequences," *id.* at 11, sound knowledge of general courtroom dynamics and the role of each participant in the criminal process. *Id.* at 12.

Dr. Tillbrook correctly identified and expertly applied the *Dusky* standard in determining that Webber is competent:

> Mr. Webber is not currently exhibiting deficits that would compromise his factual understanding and appreciation of the trial process. He demonstrated a good understanding of the allegations, criminal charges, and potential disposition. He revealed a working understanding of the various aspects of the trial process, including the roles and responsibilities of the trial participants. This understanding translates into a good appreciation for the adversarial nature of the proceedings.
> . . . .
> [T]here is no reason to suspect Mr. Webber would have difficulty assisting Attorney Ledgewood in preparing his defense.
> . . . .
> Mr. Webber demonstrated an ability to meaningfully consider legal defense matters and weigh the potential risks and benefits. He is capable of applying similar reasoning processes when faced with his own trial-related decisions.

*Id.* at 14. The Court now has had multiple hearings with Webber and has not independently observed behavior that conflicts with the examiner's conclusions. At no point during the pendency of this action has the Court perceived Webber as having undue difficulty in understanding the proceedings. He appears to comprehend and communicate rationally, if passively, regarding case status and the legal proceedings. Over multiple hearings, the Court has

observed him to interact with counsel and the Court in a manner suggesting understanding and positive defensive assistance.

The Court finds nothing in the record that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds, per § 4241(a), that Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Webber competent to face further proceedings in this matter.

\* \* \* \* \*

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b) for specific appeal rights and mechanics. Failure to object in accordance with the Rule waives a party's right to review.

This the 8th day of August, 2017.

Signed By:

*Robert E. Wier*

United States Magistrate Judge